UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GABRIEL PEREZ,

    Plaintiff,

v.                                              CASE NO:  3:14cv682/MCR/EMT

THOMAS E. PEREZ,
ERIC M. SELEZNOW, and
UNITED STATES DEPARTMENT OF LABOR,

    Defendants.
_____/

## ORDER

Plaintiff Gabriel Perez filed this suit on December 19, 2014, challenging the enforcement of certain regulations issued by the Defendant, United States Department of Labor ("DOL"), and seeking a permanent injunction prohibiting DOL from implementing and enforcing those rules.[1]  Perez subsequently filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 6), and DOL filed an Unopposed Motion to Consolidate the Preliminary Relief Hearing with a Determination on the Merits (Doc. 7), which the Court granted on December 29, 2014 (Doc. 8).  The parties have now briefed the issue of DOL's authority to enforce the regulations at issue and have requested an expedited ruling on Perez's motion, asking that it be treated as a motion for summary judgment on the merits and urging the Court to decide the case without an evidentiary hearing or oral argument (Doc. 10).  As set forth below, the issue presented in this case is purely one of law that the Court has already considered and resolved in *Bayou Lawn & Landscape Services v. Perez*, No. 3:12cv183/MCR/CJK, 2014 WL 7496045 (N.D. Fla. Dec. 18, 2014).  Having reviewed the parties' arguments, the Court finds no basis on which to distinguish this case from *Bayou Lawn*, and thus finds that Perez's motion is due to be granted.

---

[1] In this Order, the Court refers to the various Defendants collectively as "DOL."

**Background**

Perez has filed an affidavit in support of his motion. In his affidavit, Perez states that he is a citizen of the United States, and is employed as a server and busboy in Palm Beach County, Florida, where he earns $8.00 per hour. Perez states that he typically finds jobs as a server "through word of mouth" because open positions are usually not advertised. According to Perez, temporary employees from other countries are presently employed as servers in Palm Beach County pursuant to temporary labor certifications issued by DOL under the regulations at issue in this case. Perez states that such foreign workers are paid $10.00 per hour and that he would apply for those positions if they were advertised. In his motion, Perez argues, and DOL does not dispute, that he is adversely affected by the 2008 regulations because they (1) include a definition of "full time employment" that allows employers to offer fewer hours than previous DOL practice; (2) require only those employers who have collective bargaining agreements to contact unions in search of U.S. workers; (3) define "job contractors" in an arbitrarily broad way; (4) significantly alter DOL's method for determining whether unemployed workers are available in this country by, for example, eliminating any requirement that employers conduct a national recruitment effort; and (5) change the definition of "temporary" to allow visas to be issued for up to three years. Accordingly, Perez alleges that his prospective job opportunities are adversely affected by DOL's regulations.

**Discussion**

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard applies to actions, such as the instant one, brought under the APA.[2] *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Because this matter has been consolidated with a hearing on the merits, the Court will apply the summary judgment standards, which are "particularly

---

[2] This suit is brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2), which provides, in pertinent part, that a court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or] . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

appropriate in cases in which a district court is asked to review a decision rendered by a federal administrative agency." *Mahon v. Dep't of Agriculture*, 485 F.3d 1247, 1253 (11th Cir. 2007). The only issue presently before the Court is a pure question of law. *See Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). Accordingly, the discussion that follows will focus on whether Perez is entitled to judgment as a matter of law, including whether he is entitled to a permanent injunction.[3]

This case involves the federal government's regulation of certain foreign workers under the H-2 temporary labor program, which was initially created by the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101, *et seq*. In 1986, Congress amended the INA to provide for two separate programs to regulate the employment of foreign workers: the H-2A program for agricultural workers and the H-2B program for non-agricultural workers. H.R. Rep. No. 99-682, pt. 1, at 80; *see also* Immigration Reform and Control Act of 1986, Pub. Law No. 99-603, § 301(a), 100 Stat. 3359, 3411 (codified at 8 U.S.C. § 1101(a)(15)(H)(ii)(a)).

Under the H-2B program, which is the program relevant to this case, an employer may hire a resident of a foreign country to perform "temporary service or labor if unemployed persons capable of performing such service or labor cannot be found in this country . . . ."[4] *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Congress vested authority for implementation of the INA's provisions in the Attorney General, and directed the Attorney General to consult with other governmental agencies when considering applications for admission of H-2B workers. *See* 8 U.S.C. §§ 1184(a)(1) and (c)(1). In 2002, Congress transferred enforcement of the immigration laws from the Attorney General to the Secretary of the Department of Homeland Security ("DHS"). *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 402, 116 Stat. 2135, 2178 (2002). Although DHS is charged with deciding whether to grant or deny applications

---

[3] A preliminary injunction and permanent injunction "are distinct forms of equitable relief that have different prerequisites and serve entirely different purposes." *See Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996). A preliminary injunction is generally awarded before a suit is resolved on the merits. *Id.* Given that the parties have requested a determination on the merits, the Court will focus its analysis on Perez's request for a permanent injunction.

[4] The H-2B program derived its name from the subsection of the INA containing this definition. *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, No. 14-3557, 2014 WL 6844633, at *2 (3d Cir. Dec. 5, 2014).

for H-2B visas, it delegated to the Secretary of Labor the authority to "separately establish . . . procedures for administering th[e] temporary labor certification program under his or her jurisdiction."  8 C.F.R. § 214.2(h)(6)(iii)(D).  Consistent with this delegation of authority, DHS requires an employer seeking to petition for an H-2B visa to first apply for and receive a temporary labor certification from the Secretary of Labor. 8 C.F.R. §§ 214.2(h)(6)(iii)(A), (C).  The certification constitutes "advice . . . on whether or not United States workers capable of performing the temporary services or labor are available and whether or not the alien's employment will adversely affect the wages and working conditions of similarly employed United States workers."  8 C.F.R. § 214.2(h)(6)(iii)(A).

In 2008, DOL published formal regulations governing the labor certification process.  *See Labor Certification Process and Enforcement for Temporary Employment in Occupations Other Than Agriculture (H–2B Workers)*, 73 Fed. Reg. 78,020 (Dec. 19, 2008) (codified at 20 C.F.R. §§ 655–56).  In 2012, DOL issued the regulation at issue in *Bayou Lawn* ("2012 Rule"), which significantly changed the manner in which the H-2B program had been administered under its 2008 regulations.[5]  *See Temporary Non-Agricultural Employment of H-2B Aliens in the United States*, 77 Fed. Reg. 10,038 (Feb. 21, 2012).  In April 2012, the plaintiffs in *Bayou Lawn* filed suit against DOL, seeking to invalidate the 2012 Rule based primarily on DOL's lack of unilateral rulemaking authority in this area.  The undersigned preliminarily enjoined DOL from enforcing the 2012 Rule.  In response to the preliminary injunction, DOL indicated that it would continue to process H-2B labor certification applications under its 2008 H-2B rules, which, the parties have indicated, are still being enforced.[6]

---

[5] Among other things, the 2012 Rule decreased the maximum number of months an employer may employ an H-2B worker from ten to nine; required employers to guarantee that H-2B employees work at least seventy-five percent of the hours certified in any twelve-week period and, if not, pay the employees the difference for the time not worked; required employers to pay non-H-2B workers wages and benefits at least equal to those paid to H-2B employees if the two perform "substantially the same work;" and required employers to pay the round-trip airfare and subsistence costs of H-2B employees. *See Temporary Non-Agricultural Employment of H-2B Aliens in the United States*, 77 Fed. Reg. 10,038 (Feb. 21, 2012).  DOL acknowledges that its 2012 regulations are "more rigorous," and that they "contain[] stronger protections for the domestic labor market," than its 2008 regulations.

[6] According to Perez, DOL has been enforcing its 2008 regulations since May 16, 2012, the date the Court issued its preliminary injunction in *Bayou Lawn*.  Although the parties have provided no authority to establish this point, DOL does not dispute Perez's assertion.

After the Court's issuance of a preliminary injunction in *Bayou Lawn* was affirmed on appeal, *see Bayou Lawn & Landscape Servs. v. Sec'y of Labor*, 713 F.3d 1080 (11th Cir. 2013), the Court issued an Order granting summary judgment to the plaintiff.  In its Order, the Court found that the INA itself contains no express delegation of authority to DOL.  *See Bayou Lawn*, 2014 WL 7496045, at *4.  The Court also found that neither 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b) nor 1184(c)(1), which DOL cited as the bases of its authority to promulgate regulations impacting the H-2B program, *see* 76 Fed. Reg. 15,130 (March 18, 2011); 77 Fed. Reg. at 10,038, 10,043, confers rulemaking authority on DOL, either explicitly or implicitly.[7]  Comparing Congress's express grant of rulemaking authority to DOL with respect to the H-2A program, the Court found that Congress plainly never granted DOL such authority under the H-2B program.  *See Bayou Lawn*, 2014 WL 7496045, at *4-*5.  The Court thus rejected DOL's position that 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b) and 1184(c)(1) confer legislative rulemaking authority on DOL in connection with the H-2B program.  Next, the Court found that the Wagner-Peyser Act, 29 U.S.C. § 49, *et seq.*, likewise confers no rulemaking authority on DOL with respect to the H-2B program because the statute simply does not apply to the H-2B program.  *See id.* at *5.  Finally, the Court addressed the Third Circuit Court of Appeals contrary decision in *Louisiana Forestry Ass'n, Inc. v. Sec'y U.S. Dep't of Labor*, 745 F.3d 653 (3d Cir. 2014), and deemed the case distinguishable, specifically rejecting DOL's argument that its rulemaking authority under the H-2B program derives from its consultative role under 8 U.S.C. § 1184(c)(1), which DOL had argued in both *Bayou Lawn* and *Louisiana Forestry*.  *See id.* at *6.  For these reasons, the Court concluded that "DOL lacks authority to engage in legislative rulemaking under the H-2B program," *id.*, and therefore vacated the DOL's 2012 Rule and permanently enjoined its enforcement.

On December 19, 2014, just one day after the Court granted summary judgment to the plaintiff in *Bayou Lawn*, Perez filed this suit challenging DOL's enforcement of its 2008 H-2B regulations.  Perez argues that because DOL's 2008 regulations were

---

[7] The Court found that although 8 U.S.C. § 1184(c)(1) directs DHS to consult with other agencies in deciding whether H-2B visas should be granted, nothing in the statute indicates that Congress intended to grant legislative rulemaking authority to those agencies or to allow DHS to delegate its rulemaking authority to them.  *See Bayou Lawn*, 2014 WL 7496045, at *4.

issued pursuant to the same claim of authority deemed invalid in *Bayou Lawn*, DOL's 2008 regulations are equally invalid. According to Perez, "it is arbitrary and capricious for the DOL to continue to operate the H-2B program utilizing [its] 2008 regulations while it appeals the *Bayou* [*Lawn*] ruling," allegedly in violation of Administrative Procedure Act, 5 U.S.C. § 706(2). Because the 2008 regulations are allegedly causing Perez immediate and irreparable injury, Perez seeks an injunction prohibiting DOL from continuing to enforce its 2008 H-2B rules (unless and until the permanent injunction in *Bayou Lawn* is reversed on appeal).

In its brief in opposition to Perez's motion, DOL states that "the sole issue in this case is whether DOL has authority under the INA to issue legislative rules governing the H-2B program," which it describes as a "pure question of law." Regarding that issue, DOL argues that the structure and purpose of the INA, in particular, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b) and 1184(c)(1), implicitly grant DOL authority to structure its "consultation" with DHS in the form of legislative rules and regulations; that although the INA does not contain an express grant of authority to DOL to issue H-2B regulations, Congress has acquiesced in DOL's H-2B rulemaking authority; and that the Wagner-Peyser Act authorizes the issuance of H-2B regulations. The Court considered, and rejected, each of these arguments in *Bayou Lawn & Landscape Services v. Perez*, No. 3:12cv183/MCR/CJK, 2014 WL 7496045 (N.D. Fla. Dec. 18, 2014). For the reasons set forth in that Order, the Court finds that DOL lacks authority to engage in legislative rulemaking under the H-2B program, and therefore lacked authority to enact the 2008 regulations at issue in this suit, such that Perez is entitled to judgment as a matter of law.[8]

Having found that DOL lacked authority to enact the 2008 regulations at issue, the Court also finds that Perez is entitled to permanent injunctive relief. To be entitled to injunctive relief, a plaintiff must show irreparable harm and inadequacy of legal remedies. *See Odebrecht Const., Inc. v. Sec'y, Fla. Dept. of Transp.*, 715 F.3d 1268, 1288 (11th Cir. 2013); *see also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999,

---

[8] Perez clarified that he is *not* challenging the regulation jointly issued by DOL and DHS regarding wage methodology, and nothing in the present Order should be construed as addressing that particular regulation. *See Wage Methodology for the Temporary Non-Agricultural Employment H-2B Program*, Part 2, 78 Fed. Reg. 24047 (Apr. 24, 2013).

1007 (11th Cir. 1997) (to obtain injunctive relief, a plaintiff must show a "real or immediate threat that the plaintiff will be wronged again – 'a likelihood of substantial and immediate irreparable injury'") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *Thomas v. Bryant*, 614 F.3d 1288, 1317-18 (11th Cir. 2010) (stating that to obtain a permanent injunction, a party must also show that he has prevailed in establishing the violation of the right asserted in his complaint, and that the injunction would not be adverse to the public interest if issued).

Apart from arguing that it has authority to issue regulations under the H-2B program, DOL has not challenged whether Perez is entitled to injunctive relief.  DOL does not address the issues of irreparable harm or inadequacy of legal remedies, much less dispute them.  The Court finds that DOL's continued use of its 2008 regulations will irreparably injure Perez.  As Perez argues, and DOL does not dispute, the 2008 regulations substantially reduce the recruitment efforts that employers must make in order to establish that United States workers are not available, thus making it easier for employers to replace available United States workers with foreign workers.  As reflected in his affidavit, the consequent loss of prospective job opportunities has injured Perez, and will continue to do so, unless and until the Court awards the injunctive relief he requests.  The Court also finds that no remedy at law will provide protection for Perez against further implementation of DOL's 2008 H-2B regulations apart from the requested injunctive relief.  *See Thomas*, 614 F.3d at 1322.  Given the Court's conclusion that DOL lacked authority to enact its 2008 H-2B regulations, the Court further finds that Perez has prevailed in establishing the violation of the right asserted in his Complaint, and that an injunction prohibiting DOL from enforcing those rules would not adversely impact the public.  *See id.* at 1317.  For these reasons, the Court finds that Perez is entitled to the injunctive relief requested.

Accordingly:

1. Plaintiff Gabriel Perez's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 6), which is treated as a motion for summary judgment on the merits, is **GRANTED**.
2. The Department of Labor's Final Rule dated December 19, 2008, and published at 73 Fed. Reg. 78,020, is hereby **VACATED** and Defendants

are permanently enjoined from enforcing it.

3. The parties' Joint Motion for Expedited Ruling (Doc. 10) is **DENIED** as moot.

4. The Clerk is directed to enter final judgment in favor of the Plaintiff and against the Defendants, and to tax costs against the Defendants.

**DONE and ORDERED** this 4th day of March, 2015.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**