UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| GABRIEL PEREZ, | ) No.3:14-cv-00682 MCR |
| Plaintiff | ) |
| v. | ) |
| THOMAS E. PEREZ, *et al.*, | ) |
| Defendants. | ) |

## MOTION OF THE SMALL AND SEASONAL BUSINESS LEGAL CENTER FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*

### I.   INTRODUCTION

Amicus curiae, The Small and Seasonal Business Legal Center ("SSBLC"), is a nonprofit corporation recently established to promote the common business interests of employers who use, or want to use, H-2B visas, including H-2B employers operating in the four westernmost counties in Florida. It is a trade association that is exempt from federal income tax under §501(c)(6) of the Internal Revenue Code.

Although, because it was established on March 13, 2015, it does not yet have members, the Center expects that its members will include employers who use or want to use H-2B visas, and attorneys and agents who represent such employers in connection with H-2B visa matters. Two of its three initial directors are agents who represent employers in connection with H-2B visa matters. Together the two founding agents represent approximately 600 H-2B labor certifications covering 16,000 guest workers for U.S. employers operating in 40 states.

Proposed *amicus curiae*, SSBLC, respectfully requests that the Court grant it leave to file a brief on Friday, March 20, 2015 providing additional perspective on the issue raised by the Department of Labor's Unopposed Motion. The SSBLC agrees with the parties that the *Perez* injunction should be stayed at least until April 15, 2015 and does not wish to upset the parties' agreement. However, the SSBLC believes that the Court should not put an artificial deadline on the stay. Rather, the Court should invite briefing on two issues:

(1) Whether the Court has subject matter jurisdiction to enter the injunction; and

(2) Whether DOL's interpretation of the injunction as requiring it to dismantle the H-2B Program is appropriate.

The SSBLC understands that the Court already ruled on the first question, but believes that the parties did not fully apprise the Court of the issues and believes that the Court would benefit from a more thorough presentation. The SSBLC believes that the Court does not have subject matter jurisdiction to enter the requested relief. Even DOL agrees that Plaintiff experienced no injury, a prerequisite for standing. *See* [13] Answer, Affirmative Defense, No. 1. Further briefing would assist the Court with respect to this fundamental issue.

The second issue is the scope of the injunction. DOL believes that the injunction requires it to dismantle the H-2B Program. The SSBLC, however, believes that the injunction only nullified legislative rules – those rules for which DOL needed delegated legislative authority from Congress. DOL's processing rules need not be supported by legislative power and therefore remain in place. Briefing on these issues would ensure that the Court is fully informed about the facts and the relevant law.

## II.   ARGUMENT

A. **Identity and Interest of Proposed *Amicus Curiae* the Small and Seasonal Legal Center**

As stated above, the proposed *amicus curiae* is The Small and Seasonal Business Legal Center, a nonprofit trade association established to promote the common business interests of employers, including those in Florida, who use, or want to use, H-2B visas.

**B.    General Standards for *Amicus* Participation**

"A district court has inherent authority to designate amicus curiae to assist it in a proceeding." *Liberty Res., Inc. v. Phila. Hous. Auth.,* 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). Therefore, whether to grant leave to file an *amicus* brief lies within the Court's discretion. "*Amicus* status is typically granted when: (1) the *amicus* has a 'special interest' in the particular case; (2) the *amicus'* interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the *amicus* is not partial to a particular outcome in the *case.*" *United States v. Alkaabi,* 223 F. Supp. 2d 583, 592 (D.N.J. 2002). The SSBLC's proposed participation meets all of these standards. The Court should therefore permit it to file an *amicus curiae* brief.

**C.    Amicus Participation Would Assist the Court**

    **1.    Background**

Plaintiff filed this lawsuit on December 19, 2015. Plaintiff correctly alleged that DOL lacked legislative rulemaking authority for the H-2B Program. Plaintiff alleged that he was injured not because DOL had unlawfully imposed a legal obligation on him. Rather, Plaintiff alleged that he was injured because DOL had *not* imposed his preferred legal obligations (i.e., a certain level of advertising) on H-2B employers. Plaintiff's injury, then, was that DOL had not agreed with him during rulemaking. Plaintiff asked for a TRO/PI vacating the 2008 Final H-2B Rule at least until the Eleventh Circuit ruled on DOL's claim of authority in *Bayou Lawn and Landscape Services v. Perez.*

Plaintiff's Complaint and motion put DOL in a difficult position. In 2012, DOL stated that it wanted to be rid of the 2008 H-2B Final Rule as soon as possible. *See* [158] Defendants' Opposition To Plaintiffs' Motion For Preliminary and Permanent Injunctions, in *CATA v. Solis*, No. 2:09-cv-00240 (LDD) (E.D. Pa.), p. 8 ("DOL agrees that the December 2008 rule should be replaced as quickly as practicable."). Plaintiff was asking for a result – elimination of the 2008 H-2B Final Rule – that DOL wanted. At the same time, DOL could not countenance Plaintiff's rationale – lack of authority – for this result. DOL squared this circle by arguing that it did, indeed, have legislative rulemaking authority, while waiving or conceding every other argument that might defeat Plaintiff's claim. DOL knew or should have known that its defense would fail.

DOL was correct. On March 4, 2015, this Court entered its Order. It found that Plaintiff had standing because he alleged that his job opportunities had been adversely affected by the 2008 H-2B Final Rule. Order, p. 2. The Court then found that DOL did not have legislative rulemaking authority. Order, pp. 2-7. As for the remaining elements of Plaintiff's request for injunctive relief, DOL did not challenge Plaintiff's entitlement to injunctive relief.

The Court therefore entered the following Order:

> The Department of Labor's Final Rule dated December 19, 2008 and published at 73 Fed. Reg. 78,020 is hereby **VACATED** and Defendants are permanently enjoined from enforcing it.

Order, p. 8. The Court's Order prohibits enforcement of legislative rules that derive solely from the 2008 H-2B Final Rule. It does not say anything explicit about processing of applications and does not apply at all to DHS.

DOL interpreted this Order to require it to stop processing H-2B matters. It also interpreted the Order as prohibiting a state workforce agency from advertising a job with a prospective H-2B employer to potentially interested domestic applicants. Citing the Order, DOL dismantled its electronic filing system for H-2B applications. DHS interpreted the Order as

4

requiring it to stop adjudicating H-2B Petitions, even ones where DOL had already certified the application.

As the parties hint in their brief, DOL's and DHS' choices caused serious harm to law abiding H-2B employers. They now ask that the effect of the injunction be suspended until April 15, 2015.

**B.     The Small and Seasonal Business Legal Center Should Be Allowed to File an Amicus Brief**

The premise of our adversary system is that the zealous efforts of opposed parties will generate a complete factual record and the best legal arguments available. When the parties, however, are only nominally opposed, the system fails. The Department of Labor has wanted to be rid of its 2008 H-2B Final Rule for a long time. Plaintiff wanted to be rid of the 2008 H-2B Final Rule; that is why he filed his lawsuit. The result was an essentially non-adversary presentation of the case. By bringing its unique perspective to the issues before the Court, the SSBLC would provide some corrective to the presentations to date in this case.

The SSBLC believes that it would help the Court in three main areas. First, SSBLC would present a serious challenge to Plaintiff's standing and the scope of the Court's remedial authority. There has been no evidentiary showing that Plaintiff has experienced an injury to a legally protected interest caused by a legislative rule. *Lujan v. Defenders of Wildlife*, 540 U.S. 555, 560 (1992) (requiring plaintiff to produce sufficient admissible facts to demonstrate standing at summary judgment). Where, as here, a party's standing is based on a claim that the government failed to regulate someone else properly, standing is particularly difficult to establish. *See id.* at 561.

As for injury, even DOL agrees that Plaintiff did not suffer any injury. *See* [13] Answer, Affirmative Defenses, No. 5. With respect to causation, Plaintiff has not shown that the alleged

failure to regulate caused his alleged injury. As for redressability, Plaintiff has it exactly backwards. If he was injured because employers were not regulated enough, eliminating the regulation does not redress his alleged injury. Because DOL did not challenge Plaintiff's standing, the SSBLC would assist the Court by ensuring that these issues are aired.

Second, the SSBLC would help the Court by raising issues about the scope of relief. DOL did not expect that Plaintiff's requested relief would harm the public interest. Presumably, that is why DOL did not make any argument on this element of Plaintiff's case. Yet, DOL knew that a moratorium on processing would cause grievous injury to the public interest. *See, e.g.*, Department Of Homeland Security, United States Citizenship and Immigration Services; Employment and Training Administration (ETA), Wage Methodology for the Temporary Non-Agricultural Employment H-2B Program, Part 2, Interim Final Rule, Request For Comments, 78 Fed. Reg. 24047 (Apr. 24, 2013) ("2013 IFR"; "IFR"). The SSBLC would discuss these issues, which neither party has an incentive to raise.

Finally, the SSBLC would assist the Court by correcting the record. DOL's Unopposed Motion makes a number of statements that are inaccurate. For example, DOL writes on page 1 of its motion that:

> Without the 2008 rule, DOL has no mechanism by which to provide advice to DHS regarding the importation (*sic*) of H-2B workers, and without DOL's advice, DHS is unable to adjudicate any I-129 petition requesting the importation of H-2B workers.

Both parts of this sentence are false. DOL has a mechanism for conducting a market test – the Wagner-Peyser Act, 29 U.S.C. § 49 *et seq.* It has a regulatory mechanism for making prevailing wage determinations – the 2013 Interim Final Rule. *See, e.g.*, 2013 IFR, p. 24,055. It has full authority to establish internal procedures for handling employer submissions as it did for the

decades between 1952 and 2008. To state that "DOL has no mechanism by which to provide advice to DHS" is to fail to accurately inform the Court about an important fact.

The second half of the sentence is also inaccurate. DOL states that "without DOL's advice, DHS is unable to adjudicate any I-129 petition requesting the importation of H-2B workers." DHS' regulations provide a safety valve for employers when DOL cannot provide certification:

> (B) *H-2B petition.*
>
> . . .
>
> (2) *Notice that certification cannot be made attached*—(*i*) *Countervailing evidence.* If a petition is submitted containing a notice from the Secretary of Labor or the Governor of Guam that certification cannot be made, and is not accompanied by countervailing evidence, the petitioner shall be informed that he or she may submit the countervailing evidence in accordance with paragraphs (h)(6)(iii)(E) and (h)(6)(iv)(D)[1] of this section.
>
> (*ii*) *Approval.* In any case where the director decides that approval of the H-2B petition is warranted despite the issuance of a notice by the Secretary of Labor or the Governor of Guam that certification cannot be made, the approval shall be certified by the Director to the Commissioner pursuant to 8 C.F.R. § 103.4. In emergent situations, the certification may be presented by telephone to the Director, Administrative Appeals Office, Headquarters. If approved, the petition is valid for the period of established need not to exceed one year. There is no appeal from a decision which has been certified to the Commissioner.

8 C.F.R. § 214.2(h)(9)(iii)(2)(B)(i)-(ii). DHS is authorized to adjudicate petitions when DOL provides an employer notice that "certification cannot be made." The SSBLC would help the Court by identifying other inaccurate statements in both parties' documents.

### C. The SSBLC's Participation Would not Delay this Matter

---

[1] In the 2008 revision of these rules, DHS eliminated a redundant section also authorizing countervailing evidence. The sections cited in the text of the rule were those sections. Now, rather than several overlapping sections about this topic, the above section is the only one.

The parties agree that the public interest requires DOL to resume processing applications and DHS to resume adjudicating petitions through April 15, 2015. The SSBLC agrees. The SSBLC believes that this period at the very least provides enough time to clarify the Court's Order and, possibly, to resolve any questions of subject matter jurisdiction. If, for example, the Court concludes that the Order permits processing of applications, the Court could allow the stay to expire. Similarly, if the Court concludes that it lacks subject matter jurisdiction, it could vacate its Order and judgment.

To ensure that there is no delay, the SSBLC proposes that it be given leave to file its brief on these issues no later than March 20, 2015. That will leave plenty of time for the Court to consider the SSBLC's contribution and any response from the parties before facing a question about whether to extend the stay.

## IV. CONCLUSION

Federal courts are asked on a daily basis to make decisions that can have extremely wide-ranging effects. This is one such decision. The parties acknowledge that the injunction, as interpreted by DOL, is contrary to the public interest and should be suspended at least until April 15. The SSBLC desires to participate in this matter and by asking the Court to decide whether the injunction actually prohibits processing of H-2B applications under non-legislative H-2B rules and additionally prohibits the adjudication of H-2B Petitions. SSBLC also desires to request the Court to again consider its subject matter jurisdiction.

For the foregoing reasons and such others as may appear to the Court, the SSBLC respectfully requests that the Court grant its motion for leave to file an *amicus curiae* brief and set a deadline of March 20, 2015 as the deadline for submitting it.

Dated: March 17, 2015                    Respectfully Submitted,

/s/ Wendel V. Hall
Wendel V. Hall (DC 439344)
Hall Law Office, PLLC
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 661-2173 (o)
(202) 434-8707 (f)
halllawfirmdc@gmail.com

Laura Reiff (DC 424579)
Email: reiffl@gtlaw.com
Michael Sklaire (DC 445364)
Email: sklairem@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Tele: 202-533-2396; Fax: 202-261-0164

Peter W. Zinober
Florida Bar No. 121750
Email: zinoberp@gtlaw.com
Jamie Moore Marcario
Florida Bar No. 0089366
Email: marcarioj@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
**Counsel for the Small and Seasonal Business Legal Center**

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1(b), Counsel for the proposed *Amicus Curiae* consulted with counsel for the parties with respect to this motion. DOL takes no position. Plaintiff opposes.

/s/ Wendel V. Hall

Wendel V. Hall