# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## PENSACOLA DIVISION

Gabriel Perez,

      Plaintiff,

v.

Thomas E. Perez, in his official capacity as United States Secretary of Labor;
United States Department of Labor;
Eric M. Seleznow, in his official capacity as Acting Assistant Secretary for Employment and Training,

      Defendants.

Civil Action
No. . 3:14-682-MCR

## PLAINTIFF'S UNOPPOSED MOTION TO CLARIFY PERMANENT INJUNCTION

NOW COMES Plaintiff and moves this Court for an order clarifying the scope of the permanent injunction entered by the Court on March 4, 2015 (Docket Entry 14). Specifically, Plaintiff requests that the Court clarify that its order "permanently enjoin[ing]" Defendants from "enforcing" the Department of Labor's (DOL) 2008 H-2B regulation, published at 73 Fed. Reg. 78,020 (Dec. 19, 2008) was not intended to deprive DOL of its authority to enforce compliance with the substantive work terms contained in labor certifications issued pursuant to the 2008 Regulation <u>prior to the entry</u> of the Court's permanent injunction. Plaintiff has conferred with Defendants regarding this motion. Defendants do not oppose Plaintiff's request for clarification of the scope of the permanent injunction order, but take no position on the specific clarification

sought by the motion. Defendants intend to file a statement that more fully explains Defendants' position by Friday, September 4, 2015.

Plaintiff seeks this relief because the DOL believes that the Court's injunction barring "enforcement" of the 2008 Rule could be read not only to preclude it from issuing new labor certifications pursuant to the 2008 Rule, but may also prevent DOL from taking future action to enforce wage and other work terms contained in labor certifications approved prior to the entry of the injunction. DOL has complied with this reading of the injunction.

Plaintiff disagrees with DOL's broad reading of the injunction. Plaintiff's lawsuit was filed to enjoin DOL from "continued" use of the 2008 regulations to issue labor certifications; it was not filed to retroactively invalidate the few protections that those regulations provided. *See* Docket Entry 1 at 2 ("Plaintiff seeks a preliminary and permanent injunction prohibiting DOL from *continuing* to implement and enforce its 2008 H-2B rules to grant certifications. . .") (emphasis added). In accordance with Plaintiff's requested relief, Plaintiff believes that the permanent injunction granted by this Court was similarly phrased in <u>prospective</u> terms, enjoining only DOL's continued issuance of labor certifications using the 2008 regulations. *See* Docket Entry 14 at 7 ("The Court finds that DOL's <u>continued use</u> of its 2008 regulations will irreparably injure [Plaintiff] Perez. . . . The Court also finds that no remedy at law will provide protection against <u>further implementation</u> of DOL's 2008 H-2B regulations apart from the requested injunctive relief.") (emphasis added). Plaintiff contends that nothing in the Court's permanent injunction should be read to invalidate labor certifications issued prior to the Court's injunction

or to relieve DOL of its duty to enforce compliance with the wage and work terms promised by employers, under penalty of perjury, in those labor certifications.[1]

As a result of DOL's reading, employers who violated the minimum terms and conditions of work under which they received permission to employ H-2B workers are escaping federal sanctions for those violations and U.S. workers, whose wages and work terms were intended to be protected by those minimum terms and conditions of work, are being injured in violation of Congress' clear mandate that the importation of foreign workers not adversely affect the wages and working conditions of U.S. workers. An injunction invalidating the work terms of previously issued labor certifications would be tantamount to giving employers *carte blanche* to mistreat U.S. and foreign workers and to ignore the sworn promises they made in order to obtain the right to import foreign workers in direct violation of Congress' clear intention to protect U.S. workers from the adverse effects of foreign labor. Plaintiff did not seek such an injunction and seeks clarification that that was not the Court's intent.

Plaintiff also seeks clarification of the injunction because employers are using the Court's injunction to assert defenses to individual lawsuits brought by workers to enforce the terms and conditions of work promised in labor certification issued prior to the *Perez v. Perez* injunction. *See e.g. Moodie v. Kiawah Island Inn Co., LLC*, No. 2:15-cv-1097-RMG, 2015 WL 5037038 at *13 (D.S.C. Aug. 4, 2015) (rejecting employer's claim that the *Perez v. Perez* injunction vacating the 2008 Regulation precluded workers from enforcing the wage terms of the

---

[1] The Court's permanent injunction was entered on March 4, 2015. However, pursuant to DOL's uncontested motion to stay the effective date of that Order, the Court stayed the effective date of the Order, Docket Entry 19, subsequently extended that stay until new H-2B Rules were issued. Docket Entry 35 at 3. The permanent injunction finally went into effect on April 30, 2015. Docket Entry 49 at 3. Employers who received labor certifications, and H-2B workers, prior to that date were approved using the 2008 regulations and it compliance with those certifications that DOL is refusing to enforce.

employer's labor certification application issued pursuant to the 2008 regulations prior to this Court's injunction). While the court in *Moodie* correctly noted that "nothing in the *Perez* decision suggests that it is retroactive," it is, nevertheless, a waste of judicial resources to force court's to rule on motions over the meaning of this Court's injunction when the simple clarification sought by Plaintiff would resolve the issue.

Accordingly, Plaintiff moves this Court for an Order clarifying that the permanent injunction entered on March 4, 2014 and effective April 30, 2015, Docket Entry 49 at 3, only enjoined DOL from using the 2008 Regulations to issue new labor certifications for H-2B workers and did <u>NOT</u> enjoin DOL from using its enforcement powers to ensure compliance with the terms and conditions of work promised in labor certifications approved prior to the effective date of the Court's injunction..

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
e-mail: greg@floridalegal.org

**CERTIFICATE OF SERVICE**

I certify that the foregoing is being served electronically through the Electronic Case Filing (CM/ECF) system on the Defendants' attorneys.

*/s/ Gregory S. Schell*
Gregory S. Schell

Dated: August 28, 2015